# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | CASE NO. 17-11747-BAH |
| VATCHE N. MANOUKIAN, | |
|     Debtor | ADVERSARY PROCEEDING |
| | No. 18-01022-BAH |
| | Chapter 7 Case |
| ROBERT L. BENJAMIN | |
|     Plaintiff | |
| v. | |
| VATCHE N. MANOUKIAN, | |
|     Defendant | |

## **ASSENTED TO MOTION TO DISMISS THIS ADVERSARY PROCEEDING AS MOOT**

NOW COMES the Plaintiff, Robert L. Benjamin, by and through his attorneys, Hage Hodes, P.A. and respectfully requests that this Honorable Court deem that this Adversary proceeding is moot in light of the Debtor's stipulation with the U.S. Trustee that his debts are not dischargeable in his Chapter 7 Bankruptcy action. In support hereof, Plaintiff states as follows:

1. Prior to Debtor filing for bankruptcy protection, Debtor and his life partner were ordered by Hillsborough County Superior Court Southern District (Docket No. 226-2013-CV-00025) to make periodic payments to Plaintiff.

2. Debtor filed this bankruptcy action after the state court held that he was in contempt of its order and gave him a deadline to make a lump sum payment or face possible incarceration.

3. That state court action has been contentious, involved 3 appeals at the New Hampshire Supreme Court and endless motion practice initiated by Debtor and his life partner.

4. After Debtor filed his Chapter 7 bankruptcy action, Mr. Benjamin filed this adversary proceeding arguing that Debtor's money owed to him was exempt from discharge due to fraud, among other reasons.

5. Debtor has since entered into a stipulation with the U.S. Trustee's office agreeing to forever waive his right to discharge any of the debts listed on his Chapter 7 Bankruptcy Petition. Doc. No. 60 of 17-11747-BAH.

6. This stipulation was entered into in lieu of an action by the United States Trustee to bar and deny him a Chapter 7 discharge under 11 U.S.C. § 727.

7. This Court accepted the stipulation, waiving Debtor's right to discharge.

8. Accordingly, this adversary proceeding is moot. Doc. No. 62. of 17-11747-BAH.

9. As Mr. Benjamin would now be free to resume the state court action, Debtor has agreed to a lump sum settlement with Mr. Benjamin as to that matter.

10. The payment of that lump sum settlement is currently overdue.

11. Throughout the majority of the state court action, Debtor was unrepresented.

12. Plaintiff has not voluntarily dismissed this adversary proceeding due to concerns that Debtor will not understand that the proceeding is moot and will later argue before the state court (where he is currently unrepresented) that Plaintiff "dropped" his case.

13. Plaintiff does not want Debtor's possible confusion to impact the settlement he is due, or if Debtor remains in breach of that agreement, further complicate the state court action.

14. Accordingly, Plaintiff is requesting that this Court explicitly rule that this adversary proceeding is dismissed as moot.

15. Debtor's counsel assents to the relief requested in this Motion.

16. A Proposed Order is filed along with this Motion.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Rule that this Adversary Proceeding is Moot;

B. Dismiss this action;

C. Award such other relief as is just and proper.

Respectfully submitted,

ROBERT L. BENJAMIN

By and through his attorneys,
HAGE HODES, P.A.

Dated: December 11, 2018        By:   /s/ Kathleen A. Davidson
                                      Kathleen A. Davidson (BNH #07300)
                                      Hage Hodes, P.A.
                                      1855 Elm Street
                                      Manchester, NH  03104
                                      (603) 668-2222
                                      kdavidson@hagehodes.com

**CERTIFICATE OF SERVICE**

I, Kathleen A. Davidson, forwarded the foregoing Motion to Dismiss as Moot to all parties who have filed appearances and requests for notices, via ECF.

Dated: December 11, 2018            By: /s/ Kathleen A. Davidson

3